Succession of Boudreau.

---

### Hester Lees *v.* H. C. Dwight.

A deposit of money, by a third party, in the hands of an execution creditor, on the condition that the depositor is to be credited by the amount thereof, if he shall purchase property about to be sold under execution, may be recovered back immediately. The depositor is not bound to await the sale or bid for the property.

APPEAL from the District Court of St. Mary, *Voorhies,* J.
*A. L. Tucker,* for plaintiff. *R. N. McMillan,* for defendant and appellant.

Lea, J. In this case the plaintiff sues to recover the amount of two deposits of money made with the defendant, under the following circumstances:

The defendant, claiming to be a judgment creditor of *E. P. Forrest,* was about to issue execution against the property upon which plaintiff resided, as the property of his debtor, *Forrest.* The plaintiff made the two deposits referred to, amounting together to $510, for which the defendant gave the two following receipts:

"Franklin, June 10th, 1850.

"Received from Mrs. *Hester Lees* $260, on account of her purchase of the property where she now resides, which is to be sold under an execution, in the suit of the *New Orleans Canal and Banking Co.* v. *E. P. Forrest et al.,* No. 2045, D. C. parish of St. Mary; but if she does not purchase said property at said sale, then I am to refund to her the above $260, with eight per cent. interest from date. Henry C. Dwight."

"Received from Mrs. *H. Lees* $250, which is to be applied towards the payment of $585, which she engaged to pay me for my claim against *E. P. Forrest,* in the suit of the *N. O. Canal and Banking Company* v. *E. P. Forrest et al.,* D. C., in case she purchases the property seized in the above suit; and if she does not purchase the property at said Sheriff's sale, then I bind myself to return the above amount to Mrs. *Lees.*

"Franklin, February 15th, 1851. Henry C. Dwight."

The plaintiff instituted this suit for the recovery of both the sums thus deposited, alleging that they were obtained from her by the defendant, who took advantage of her ignorance of her rights; that they were given in error; that the sale of the property under execution never took place, the same having been enjoined at the suit of *D. Capdebosq,*. and that said injunction has been made perpetual.

For answer, the defendant pleaded the general denial, admits the signature to the receipts filed, avers that the injunction suit instituted by *Capdebosq* is still pending, and undecided, and that even if the judgment were final, it could confer no rights upon the plaintiff, being *res inter alios acta.*

Before entering into any analy sis of the testimony, it may be proper to enquire, what were the relations of the parties, as established by the documents sued upon, and admitted to be genuine.

The first receipt establishes a deposit, bearing interest until repaid, with the stipulation on the part of the defendant, that if the plaintiff should purchase, at Sheriff's sale, the property therein referred to, the amount so deposited should be credited upon the price of the property so purchased. Giving full legal effect to this document, it fixes no obligation upon the plaintiff, except, perhaps, in the event of a purchase, which, it appears from the testimony, did not and could not take place. Whether we regard it as a mere deposit, or as a loan, payable on demand, or as a sum placed under the control of a mandatory, the plaintiff was at any time at liberty to demand the repayment of the money. The same remarks are strictly applicable to the second receipt, unless the insertion, by the defendant, of the words, " to be applied towards the payment of $585, which she engaged to pay me for my claim against *E. P. Forrest,* in the suit of the *N. O. Canal and Banking Co.* v. *E. P. Forrest et al.,*" may be considered as controverting the other parts of the document and as binding upon the plaintiff. It is evident that *Dwight* did not sell his claim to the plaintiff, nor did the plaintiff ever intend to buy it. The receipt itself expressly stipulates that the money was to be returned if the plaintiff failed to purchase; and it is clear that the plaintiff was under no obligation to purchase, even if the sale had not been perpetually enjoined by a final decree of the Supreme Court.

The plaintiff merely deposited money in the hands of a judgment creditor of *Forrest,* with the understanding that if she became the purchaser of certain property seized in execution by the judgment creditor, the money so deposited (or lent) should be applied to the payment of the price. Under such an understanding, the plaintiff was at liberty to reclaim her money at any time, nor was she under any obligation to bid at the sale, had a sale taken place.

As respects the litigation in the injunction suit, we concur with the defendant in the opinion that, so far as the plaintiff is concerned, it was *res inter alios acta;* the plaintiff was no party thereto, and whatever may have been the merits of the litigation between the parties, the decision of this case cannot be embarrassed by a reference to it.

The only question to be determined, therefore, is whether the defendant is entitled to any offset against the established claim of the plaintiff.

It might be sufficient, in disposing of this question, to state that the answer sets up no such claim, but as reference has been made in the arguments of counsel to the agreement, without date, in which the defendant agrees, for and in consideration of the sum of $580, "not to bid against the plaintiff at the Sheriff's sale of said property," it may be proper to add, that such an agreement could confer no rights until such sale should take place, which can never occur, as the sale has been perpetually enjoined.

It is ordered, that the judgment appealed from, be affirmed, with costs.